UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASYA TOKAREVA,

           Plaintiff,

– against –

SECURITY SERVICE PROVIDER CORP.,

           Defendant.

**ORDER**

20 Civ. 9867 (ER)

Ramos, D.J.:

      Asya Tokareva commenced this action on November 23, 2020 against Security Service Provider Corp. for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law. Doc. 1. On January 26, 2021, the parties submitted their first application to the Court for settlement approval. Doc. 12. On January 29, 2021, the Court declined to approve that application without prejudice because: (1) the agreement contained an impermissible non-disparagement clause and (2) Tokareva's counsel failed to submit evidence to support his award of attorney's fees. Doc. 13. Pending before the Court is the parties' revised settlement agreement (the "Revised Agreement") and Tokareva's amended fairness letter in support. Doc. 14.

      The parties have addressed the Court's concerns regarding the original agreement. First, the Revised Agreement no longer contains a non-disparagement clause. Doc. 14-1. Second, Tokareva's counsel has now submitted documentation in support of the proposed fee award. Doc. 14-2. Thus, the court now turns to reviewing the remaining terms of the Revised Agreement.

Tokareva's settlement award is fair and reasonable. The Revised Agreement awards Tokareva $3,350 and her counsel $831.13 in fees and $818.87 in litigation costs. Doc. 14. Tokareva alleges that she was owed approximately $8,000 in unpaid wages, meaning that the settlement award she receives represents 42% of her claimed unpaid wages. *See id.* Courts in this District have routinely approved similar settlement awards where the parties have identified potential obstacles to a plaintiff's recovery. *See, e.g.*, *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17 Civ. 9632 (AJN), 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (concluding that settlement award representing 43% of plaintiff's alleged unpaid wages was reasonable). Here, Tokareva has noted the contested nature of the issues in this action. Doc. 14. Further, the case is at an early procedural posture—discovery has not begun, and there has been no motion practice—and there is value in the certainty in receiving a settlement without experiencing the risks and delays inherent in litigation. *See Flores Hernandez v. Vill. Nat. Rest. Corp.*, No. 19 Civ. 8378 (ER), 2020 WL 5518314, at *2 (S.D.N.Y. Sept. 14, 2020); *Pinzon v. Jony Food Corp.*, No. 18 Civ. 105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018). Accordingly, the Court concludes that the term is fair and reasonable.

The Revised Agreement also allocates a fair and reasonable portion of the settlement to Tokareva's attorney's fees. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading, LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016). To determine the reasonableness of a fee request, courts consider the portion of the total settlement amount, net costs, that the fee request represents. *See id.* at 230; *see also Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *1–2 (S.D.N.Y. Jan. 2, 2019). Courts in this District routinely award one third of a settlement fund, net of costs, as a reasonable attorney's fee in FLSA cases. *Flores Hernandez*, 2020 WL

5518314, at *1; *see also Gurung*, 226 F. Supp. 3d at 230.  Here, Tokareva's counsel's fee award is $831.13, representing 20% of the total settlement award, net costs.  *See* Doc. 14.

Still, "[e]ven when a plaintiff has entered into a contingency-fee arrangement with [her] attorneys, and 'even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees.'"  *Hernandez v. Boucherie LLC*, No. 18 Civ. 7887 (VEC), 2019 WL 3765750, at *4 (S.D.N.Y. Aug. 8, 2019) (quoting *Lazo*, 2019 WL 95638, at *2).  The lodestar amount is the product of a reasonable hourly rate and the reasonable number of hours required for the case.  *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).  To determine the reasonableness of a requested hourly rate, the Court considers the prevailing market rate in this District.  *Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18 Civ. 4193 (JPO), 2019 WL 2324567, at *5 (S.D.N.Y. May 30, 2019).  Courts in this District have found that an hourly rate ranging from $250 to $450 is appropriate for experienced litigators in wage-and-hour cases.  *See id.*  Additionally, "in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable."  *Rosales v. Gerasimos Enters. Inc.*, No. 16 Civ. 2278 (RA), 2018 WL 286105, at *2 (S.D.N.Y. Jan. 3, 2018) (quoting *Long v. HSBC USA INC.*, No. 14 Civ. 6233 (HBP), 2016 WL 4764939, at *11 (S.D.N.Y. Sept. 13, 2016)).

Tokareva's counsel has provided documentation stating the he and his staff worked 11.8 hours on this matter.  Doc. 14-2.  According to that documentation, Tokareva's counsel—Jason Solotaroff—worked 2.7 hours at an hourly rate of $720, and his firm's paralegal—Meghan Brophy—worked 9.1 hours at a rate of $175 an hour.  *See* Docs. 14 and 14-2.  These figures yield a lodestar of $3,536.50.  *See* Doc. 14 at 2.

Although Solotaroff has not provided information or documentation to support hourly rates that are well above rates typically found in FLSA cases, *see, e.g.*, *Flores Hernandez*, 2020 WL 5518314, at *1; *Zhen Ming Chen*, 2019 WL 2324567, at *5, the Court need not determine the reasonableness of those figures. Even if the hourly rates were reduced to the low end of rates generally found in FLSA cases—$250 for attorneys and $100 for paralegals, translating to a lodestar of $1,585—the proposed fee award would yield a multiplier of 0.52 times the lodestar. Courts in this District have concluded that a multiplier no greater than 2 "should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases," *Lazo*, 2019 WL 95638, at *3, and the multiplier here would be even lower with higher hourly rates. Accordingly, the fee award is fair and reasonable. *See id.*

The Revised Agreement otherwise represents a fair and reasonable settlement. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). Accordingly, the parties' request for approval of the Revised Agreement is GRANTED. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   February 16, 2021
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.